1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9

10  Steven Lloyd Bryant,                    )
                                            )
11              Petitioner,                 )        No. CV-01-0543-PCT-PGR (DKD)
                                            )
12         vs.                              )
                                            )        ORDER and OPINION
13  Dora Schriro, et al.,                   )
                                            )
14              Respondents.                )
    _____)
15

16         The petitioner, through his Petition for Writ of Habeas Corpus filed pursuant

17  to 28 U.S.C. § 2254, seeks in effect to have the Court order the Arizona Supreme

18  Court to reopen his direct appeal so that he may file a supplemental brief; he

19  does not seek to have the Court vacate his conviction and/or sentence.

20         Pending before the Court is Magistrate Judge Duncan's [Second] Report

21  and Recommendation wherein he recommends that the petitioner's § 2254

22  petition be denied as time-barred.  Having reviewed the Report and Recommen-

23  dation and all of the evidence of record *de novo* in light of Petitioner's Objections

24  to Magistrate Judge's Report and Recommendation (doc. #93), the Court finds

25  that Magistrate Judge Duncan's ultimate conclusion that the petition is untimely is

26  correct and the Court rejects the petitioner's objections to the contrary.[1]

27  _____

28         [1]  Because the Court has determined the statute of limitations issue *de novo*, the Court
    need not individually resolve the petitioner's objections to certain of the factual and legal
                                                                              (continued...)

Background

The petitioner, having pled guilty to first degree murder, was sentenced by the Yavapai County Superior Court in 1988 to life in prison without possibility of parole for 25 years.  The petitioner's conviction was upheld by the Arizona Supreme Court on direct appeal in 1989.   The petitioner's first Rule 32 petition for post-conviction relief was denied by the superior court in 1990, and again in 1991 on rehearing after a remand.  The petitioner's second Rule 32 petition was denied by the superior court in April, 1994; he did not petition the Arizona appellate courts for review of that denial.  In March, 2000, the petitioner filed a special action with the Arizona Supreme Court wherein he requested that its mandate be recalled and that he be allowed to file a delayed supplemental appellate brief.  The Arizona Supreme Court denied his petition in September, 2000, and denied his request for reconsideration in November, 2000.

The petitioner filed his pending § 2254 petition with this Court on March 23, 2001.  In their answer to the petition, the respondents argued that the petition should be dismissed as being untimely filed. Magistrate Judge Duncan, in his first Report and Recommendation (doc. #12), filed on November 21, 2004, concluded that the petitioner had not presented the Court with any extraordinary circumstances which had prevented him from timely filing his § 2254 petition and recommended that the petition be denied as time-barred.  The petitioner objected to the Report and Recommendation on the ground that the limitations period should have been tolled. The Court entered an order (doc. #14) on July 2, 2002 in which it rejected the Report and Recommendation and referred the matter to Magistrate Judge Duncan for an additional Report and Recommendation; the Magistrate Judge was directed in that order to reconsider the tolling issue in light

---

[1](...continued)
findings made by Magistrate Judge Duncan.

1    of <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146 (9th Cir. 200) (*en banc*) (*per curiam*) and

2    to provide for any additional development of the record as may be appropriate.

3    Having held an evidentiary hearing on November 1, 2002 and May 20, 2003[2],

4    Magistrate Judge Duncan issued his second Report and Recommendation (doc.

5    #92) on March 31, 2005.  The petitioner filed his objections to the Report and

6    Recommendations on April 14, 2005.  The respondents have filed nothing in

7    response to either the second Report and Recommendation or the petitioner's

8    objections thereto.

9    <u>Discussion</u>

10          The issue before the Court is whether the petitioner's § 2254 petition,

11   which was not filed until March of 2001, should be denied as time-barred for

12   being filed after the expiration of the one-year statute of limitations period of the

13   Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[3]   Since the

14   petitioner's judgment of conviction became final prior to April 24, 1996, the

15   effective date of the AEDPA,  the petitioner had until April 24, 1997 in which to file

16   his § 2254 petition absent the application of some tolling principle.  <u>Calderon v.</u>

17   <u>United States District Court</u>, 128 F.3d 1283, 1287 (9th Cir. 1997).

18          (a) Statutory Tolling

19          The petitioner, initially *in propria persona* and subsequently through

20   counsel, argues that his § 2254 petition should be deemed to have been timely

21   filed pursuant to the tolling provision of 28 U.S.C. § 2244(d)(1)(B), which permits

22   a prisoner to file a habeas corpus petition within one year from "the date on which

23   the impediment to filing an application created by State action in violation of the

24   _____

25        [2]  At the conclusion of the evidentiary hearing held on November 21, 2002, Magistrate

26   Judge Duncan appointed the Office of the Federal Public Defender to represent the petitioner
     and discovery was thereafter undertaken by the parties.

27        [3]   The general limitations period of the AEDPA for § 2254 petitions is one year from "the
     date on which the judgment became final by the conclusion of direct review or the expiration of

28   the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

1   Constitution or laws of the United States is removed, if the applicant was

2   prevented from filing by such State action."   The petitioner basically contends

3   that due to the Arizona Department of Corrections' inadequate procedures for

4   providing inmates with meaningful access to the courts, he was without notice

5   that the AEDPA had instituted a limitations period and was thus denied the

6   opportunity to timely file his petition.

7        The Ninth Circuit in Whalem/Hunt noted that the unavailability of a copy of

8   the AEDPA in the prison law library where the petitioner is incarcerated might

9   constitute either an impediment to the filing of a habeas petition for purposes of

10  § 2244(d)(1)(B), or a basis for equitable tolling.  233 F.3d at 1148.  The petitioner

11  bears the burden of establishing that the reason for his failure to timely file his

12  § 2254 petition was because the Arizona Department of Correction did not

13  provide him with adequate legal resources referencing the AEDPA.[4]

14       Magistrate Judge Duncan concluded that there existed no impediment prior

15  to the ADOC's implementation of D.O. 902 in August, 1997 because the

16  petitioner then had access to extensive legal resources and inmate legal

17  assistance, including numerous materials containing the AEDPA; he further

18  concluded that no impediment existed between August, 1997 and the filing of the

19  _____

20       [4]   The petitioner, who contended in his Proposed Findings of Fact and Conclusions of
    Law (doc. #70 at 4) that he was unaware of both the AEDPA's statute of limitations and its
21  application to his case at the time he filed his § 2254 petition, testified that he first learned of the
    AEDPA when the respondents filed their answer to his habeas petition in August of 2001. (Doc.
22  #33, TR at 23-24). The Court notes that some courts have concluded that an impediment
    argument like that brought by the petitioner fails as a matter of law if the petitioner filed his
23  habeas petition before learning of the AEDPA's limitations period.  See Felder v. Johnson, 204
    F.3d 168, 171 n.9 (5th Cir. 2000), cert. denied, 531 U.S. 1035 (2000) ("His filing his petition prior
24  to ... the time he alleges he had access to AEDPA, would appear to make § 2244(d)(1)(B)
    unavailable to [the petitioner.]"); cf. Neuendorf v. Graves, 110 F.Supp.2d 1144, 1153 (N.D.Iowa
25  2000) ("[T]he petitioner's filing of a petition for habeas relief before the alleged impediment was
    lifted suggests that the state action did not prevent the petitioner from timely filing the action.")
26  See also, Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002), cert. denied, 537 U.S. 1121
    (2003) ("Although neither § 2244 nor this circuit has defined what constitutes an 'impediment' for
27  purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever
    constitutes an impediment must prevent a prisoner from filing his petition.") (Emphasis in
28  original).

1   § 2254 petition in March, 2001 because the petitioner had access to at least three

2   publications during that time period containing the AEDPA.  The petitioner argues

3   that the evidence does not support the Magistrate Judge's conclusions.

4           The Court need not resolve any factual dispute about what legal research

5   materials relevant to the AEDPA's statute of limitations were available to the

6   petitioner prior to April 2, 1999 because the Court assumes, without deciding, that

7   the limitations period should be tolled until that date on the ground that the legal

8   research materials made available to the petitioner by the ADOC did not then

9   include references to the limitations period of the AEDPA.  Based on that

10  assumption, the Court concludes that the one-year limitations period commenced

11  running no later than April 2, 1999 since the petitioner does not dispute that the

12  evidence establishes that as of that date the South Unit of ASPC-Florence, where

13  the petitioner was housed from August, 1992 until July 28, 2000, maintained legal

14  reference materials available to the petitioner, and did so throughout the next

15  year, that set forth the provisions of 28 U.S.C. § 2244, including the statute of

16  limitations provision of § 2244(d)(1).  The petitioner also does not dispute that

17  legal research materials containing § 2244 were available to him on and after his

18  transfer to the Cheyenne Unit at ASPC-Yuma on July 28, 2000.   Furthermore,

19  the petitioner has not disputed the evidence provided by the respondents that an

20  ADOC contract paralegal would have directed the petitioner to the available legal

21  research material relevant to the AEDPA's statute of limitations had he asked the

22  paralegal about it, and the petitioner has not submitted any evidence that he ever

23  consulted an ADOC contract paralegal about filing deadlines prior to the date he

24  filed his § 2254 petition.

25          The Court rejects the petitioner's argument that the limitations period never

26  commenced running prior to the date he filed his § 2254 petition notwithstanding

27  his access to the provisions of the AEDPA because the ADOC did not provide the

28  petitioner with case law interpreting and explaining the AEDPA's limitations

period.  While the Constitution guarantees the petitioner the capability of bringing a contemplated challenge to his conviction, that right is fulfilled if he is provided with a "reasonably adequate opportunity" to submit a writ of habeas corpus.  *See* Lewis v. Casey, 518 U.S. 343, 356-57, 116 S.Ct. 2174, 2182 (1996).  The evidence of record establishes that the ADOC provided the petitioner with such an opportunity.

(b) Equitable Tolling

To the extent that the petitioner is also arguing that the limitations period should be equitably tolled due to his lack of access to AEDPA-related materials, the Court disagrees.[5]  Equitable tolling of the AEDPA's statute of limitations "is justified in few cases", and is permissible only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  The burden is on the petitioner to show that the extraordinary circumstances alleged, rather than the lack of diligence on his part, were the proximate cause of his untimeliness. *Id.*  The Court concludes that the petitioner has not established that he diligently pursued his federal habeas claims after April 2, 1999, the date on which the evidence establishes that materials setting forth the limitations period of the AEDPA were undisputedly available to him.

Therefore,

IT IS ORDERED that the Magistrate Judge's [Second] Report and Recommendation (doc. #92) is accepted to the extent that the Court adopts the Magistrate Judge's recommendation that the petitioner's Petition for a Writ of Habeas Corpus be denied as time-barred.

IT IS FURTHER ORDERED that the petitioner's Petition for a Writ of

---

[5]   The Court notes that the petitioner, through his counsel, made it clear during the evidentiary hearing on May 20, 2003 that his focus was on statutory impediment-based tolling and not on equitable tolling.  *See* doc. #65, TR at 100 and 125.

Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice.  The Clerk of the Court shall enter judgment accordingly.

DATED this 30th day of April, 2006.


Paul G. Rosenblatt
United States District Judge